## CIRCUIT COURT OF BATH COUNTY

Commonwealth of Virginia

    v.

Allen R. Looney


Commonwealth of Virginia

    v.

Eddie D. Looney

March 6, 1985

By JUDGE DUNCAN M. BYRD, JR.

    The two defendants in the above styled matters came before the Court charged with hunting after their privilege to do so had been revoked in violation of Code of Virginia, 1950, as amended, § 18.2-56.1. Since the Court is dealing with interpretation of a criminal statute, the statute or statutes must be strictly construed. The hunting privileges of the defendants were previously revoked by the Bath County District Court pursuant to Code of Virginia, 1950, as amended, Section 29-144.4:1. This section provides:

> In addition to the penalties for violation of §§ 29-144.2 and 29-144.4 of the Code of Virginia, the court shall revoke the current hunting license, if any, of the person convicted of a violation of either section and prohibit the issuance of any hunting license to such person for the next license year. *Notification* of such revocation or prohibition shall be forwarded to the Commission of Game and Inland Fisheries pursu-

ant to subsection C and D of § 18.2-56.1 of this Code. (Emphasis added.)

The Court finds it extremely significant that the last sentence of Code of Virginia, 1950, as amended, Section 29-144.4:1 speaks of "notification of such revocation or prohibition" being forwarded to the Commission. It does not provide for notification of revocation or prohibition *and* enforcement of such revocation or prohibition.

Code of Virginia, 1950, as amended, § 18.2-56.1, entitled, *Reckless handling of firearms*, provides in part:

C. Upon revocation pursuant to B hereof, the Clerk of this Court in which the case is tried pursuant to this section shall forth-with send to the Commission of Game and Inland Fisheries such person's revoked hunting or trapping license or notice that such person's privilege to hunt or trap while in possession of a firearm has been revoked. The Commission shall keep a list which shall be furnished upon request to any law enforcement officer, Commonwealth's Attorney or court in this State, and such list shall contain the names and addresses of all persons whose license or privilege to hunt or trap while in possession of a fire-arm has been revoked and the court which took such action.

D. In the event that any person whose license to hunt and trap or whose privilege to hunt and trap while in possession of a firearm, *has been revoked pursuant to this section*, shall thereafter hunt or trap while in possession of a firearm, he shall be guilty of a Class 1 misdemeanor, and, in addition to any penalty imposed by the jury or the court trying the case without a jury, the trial judge may revoke such person's hunting or trapping license, or privilege to hunt or trap while in possession of a fire-arm, for an additional period not to exceed five years. The Clerk of the court shall

notify the Commission of Game and Inland Fisheries as is provided in subsection C herein. (Emphasis added)

Likewise, the Court finds it extremely significant that the above section provides for criminal sanctions against a person hunting whose privilege to do so "has been revoked pursuant to this section." It does not provide for criminal sanctions against someone hunting whose privilege to do so has been revoked "pursuant to this section and Code of Virginia, 1950, as amended, § 29-144.4:1."

The language of the statute is express and the Court cannot rewrite the statute to supply the missing language necessary for the remedy which the Commonwealth seeks to enforce. The Legislature has provided for a revocation pursuant to Code of Virginia, 1950, as amended, § 29-144.4:1 but has imposed no sanction for those who violate such revocation. The issue of whether or not Code of Virginia, 1950, as amended, Section 29-77 could be applicable was not presented to the Court and therefore the Court renders no opinion on this issue.